## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   20-CR-150-CVE |
| | ) | |
| ADAM MAXWELL DONN | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

The United States of America, by and through R. Trent Shores, United States Attorney for the Northern District of Oklahoma, and Christopher J. Nassar, Assistant United States Attorney, and the defendant, ADAM MAXWELL DONN, in person and through counsel, Robert L. Wyatt, respectfully inform the Court that they have reached the following plea agreement.

**1.    Plea**

The defendant agrees to enter voluntary pleas of guilty to the following:

**Sole Count: 18 U.S.C. §§ 2261A(2)(B) and 2261(b)(5) – Cyber Stalking**

as set forth in the Information in the instant case, Northern District of Oklahoma, and admits to being in fact guilty as charged in the count to which the defendant is pleading guilty.

Defendant's Initials

2.   **Waiver of Constitutional Rights**

The defendant understands that, by pleading guilty, the following constitutional

rights will be relinquished:

   a.   the right to be indicted if proceeding by Information;

   b.   the right to plead not guilty;

   c.   the right to be tried by a jury, or, if the defendant wishes and with the consent
of the Government, to be tried by a judge;

   d.   at trial, the defendant has the right to an attorney, and if defendant could not
afford an attorney, the Court would appoint one to represent the defendant;

   e.   the defendant has the right to assist in the selection of the jury;

   f.   during trial, the defendant would be presumed innocent, and a jury would be
instructed that the Government has the burden to prove the defendant guilty beyond a
reasonable doubt and by a unanimous verdict;

   g.   the defendant has the right to confront and cross-examine witnesses against
the defendant;

   h.   if desired, the defendant could testify on the defendant's own behalf and
present witnesses in the defendant's defense;

   i.   if the defendant did not wish to testify, that fact could not be used against the
defendant, and a jury would be so instructed;

   j.   if the defendant were found guilty after a trial, the defendant would have the
right to appeal that verdict to determine if any errors had been committed during trial that
would require either a new trial or a dismissal of the charges; and

   k.   at trial, the defendant would be entitled to have a jury determine beyond a
reasonable doubt any facts which may have the effect of increasing the defendant's
mandatory minimum or maximum sentence.

   l.   any rights and defenses defendant may have under the Excessive Fines
Clause of the Eighth Amendment to the United States Constitution to the forfeiture of

Revised 02-28-20

AP
Defendant's Initials

property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

By pleading guilty, the defendant will be giving up all of these rights. By pleading guilty, the defendant understands that the defendant may have to answer questions posed to defendant by the Court, both about the rights that the defendant will be giving up and the factual basis for the defendant's plea.

### 3. Appellate and Post-Conviction Waiver

In consideration of the promises and concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily agrees to the following terms:

a.    The defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a); except that the defendant reserves the right to appeal from a sentence that exceeds the statutory maximum;

b.    The defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 543 U.S. 220 (2005); and

c.    The defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, including any assessment, forfeiture, restitution order, the length of term of supervised release and any condition of supervised release, except for claims of ineffective assistance of counsel.

The defendant expressly acknowledges that counsel has explained his appellate and post-conviction rights; that the defendant understands his rights; and that the defendant knowingly and voluntarily waives those rights as set forth above.

_____

**ADAM MAXWELL DONN**

3

Defendant's Initials

4.      **Freedom of Information Act Waiver**

The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

5.      **Rule 11 Rights Waiver**

The defendant knowingly and expressly waives all of the rights afforded defendant pursuant to the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure.  In other words, after entry of a plea made pursuant to this plea agreement, and in consideration thereof, the following shall be admissible against the defendant:

a.      A plea of guilty which is later withdrawn or which the defendant seeks to withdraw;

b.      Any statement made in the course of any proceeding under Rule 11 regarding said plea of guilty;

c.      Any statement made in the course of plea discussions with an attorney or agent for the Government, or which were made pursuant to a proffer letter agreement, which result in a plea of guilty later withdrawn.

6.      **Waiver of Right to Jury Trial on Sentencing Factors**

The defendant, by entering this plea, also waives the right to have facts that determine the offense level under the Sentencing Guidelines (including facts that support any specific offense characteristic or other enhancement or adjustment) (1) charged in the Information, (2) proven to a jury, or (3) proven beyond a reasonable doubt.  The defendant

4

**AD**
Defendant's Initials

explicitly consents to have the sentence based on facts to be established by a preponderance of the evidence before the sentencing judge pursuant to *United States v. Crockett*, 435 F.3d 1305 (10th Cir. 2006), and *United States v. Magallanez*, 408 F.3d 672 (10th Cir. 2005), and to allow the Court to consider any reliable evidence without regard to its admissibility at trial.   The defendant explicitly acknowledges that his plea to the charged offense authorizes the Court to impose any sentence up to and including the maximum sentence set forth in the United States Code.   The defendant also waives all challenges to the constitutionality of the Sentencing Guidelines.

7.     **Payment of Monetary Penalties**

The defendant understands that the Court may impose a fine pursuant to the Sentencing Guidelines.   The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's Financial Litigation Unit regarding the defendant's financial status, and to complete and submit a financial statement, under oath, not later than two weeks after the date of this plea agreement.   The defendant understands that, by law, interest accrues on any remaining balance of the debt.

That monetary penalties imposed by the Court will be (i) subject to immediate enforcement as provided for in 18 U.S.C. Section 3613, and (ii) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

Revised 02-28-20

A̶D̶
Defendant's Initials

**8.    Restitution for Offense of Conviction**

The defendant understands that the Court can order the defendant to pay restitution for the full loss caused by defendant's conduct set forth above.  The defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses.  At this time, the Government has not yet received a final calculation of the victims' losses. The defendant understands that restitution is mandatory without regard to the defendant's ability to pay.

**9.    Restitution for Other Offenses**

The defendant agrees the Court's consideration of the amount of restitution shall **NOT** be limited to the amounts alleged in the count(s) to which the defendant is pleading guilty, and may include all relevant conduct as well as any stipulated amounts pursuant to 18 U.S.C. § 3663.  At this time, the Government has not yet received a final calculation of any other victims' losses.

**10.    Restitution not Dischargeable in Bankruptcy**

The defendant further agrees that any amount ordered by the Court to be paid as restitution may not be discharged, in whole or in part, in any bankruptcy proceeding.

**11.    Special Assessment**

The defendant hereby agrees to pay the total amount required for the Special Monetary Assessment ($100 per felony count) to the United States District Court Clerk before the time of the sentencing hearing or as directed by the District Court.

Revised 02-28-20


Defendant's Initials

12.    **Factual Basis and Elements**

The elements that the United States must prove beyond a reasonable doubt in order

to convict under 18 U.S.C. §§ 2261A(2)(B) and 2261(b)(5) are as follows:

*[handwritten: knowingly    CJN, AUSA]*

I.  *First*: the defendant used the mail, any interactive computer service, electronic

communication service, electronic communication system of interstate commerce,

or any other facility of interstate or foreign commerce to engage in a course of

conduct;

II.  *Second*: the defendant acted with the intent to injure, harass, or intimidate another

person; and

III. *Third*: that course of conduct caused, attempted to cause, or would be reasonably

expected to cause substantial emotional distress to another person or that person's

immediate family.

In regard to the factual basis required by Federal Rule of Criminal Procedure

11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of

guilty and relieves the United States of any further obligation to adduce such evidence.

The defendant, ADAM MAXWELL DONN, admits knowingly, willfully and

intentionally committing or causing to be committed the acts constituting the crime alleged

in the instant case, and confesses to the Court that the defendant is, in fact, guilty of such

crime.

I, ADAM MAXWELL DONN, admit that from on or about June 11,
2020 to on or about June 22, 2020, in the Northern District of Oklahoma, and
elsewhere, I used interactive computer services, electronic communication

*[handwritten: knowingly    CJN, AUSA]*

*[handwritten: AD]*
Defendant's Initials

services, electronic communication systems of interstate commerce, and other facilities of interstate or foreign commerce to engage in a course of conduct with the intent to harass and intimidate the Mayor of Tulsa, Oklahoma, G.T. Bynum, and his wife Susan Bynum, knowing that my course of conduct would cause, attempt to cause, or reasonably be expected to cause Mayor Bynum Mrs. Bynum, or their immediate family members substantial emotional distress.

Specifically, I sent Mayor Bynum and Mrs. Bynum at least 44 emails and left 14 voicemails of a harassing, threatening, and intimidating nature. These harassing and threatening messages made numerous references to the Bynum's children and their home address, and some of these communications made veiled references to physical harm coming to the Bynum family. I did so knowing that Mayor Bynum was a public official and government officer and I believed my communications would cause him or his family substantial emotional distress, with the hope that I could intimidate and coerce him into cancelling the June 20, 2020 campaign rally for President Donald Trump.

_____
ADAM MAXWELL DONN
Defendant

10-14-20
_____
Date

13.   **Further Prosecution**

The United States shall not initiate additional criminal charges against the defendant in the Northern District of Oklahoma that, as of the date of the defendant's acceptance of this agreement, arise from its investigation of the defendant's actions and conduct giving rise to the instant Information, save and except crimes of violence and criminal acts involving violations investigated by the United States Internal Revenue Service. The defendant understands, however, that this obligation is subject to all "Limitations" set forth below, and that the United States Attorney's Office for the Northern District of Oklahoma

Defendant's Initials

is free to prosecute the defendant for any illegal conduct (*i.e.*, violation of federal criminal laws) not discovered by or revealed to the Government during its investigation or occurring after the date of this agreement.

**14.   Dismissal of Remaining Counts**

If the Court finds the defendant's plea of guilty to be freely and voluntarily made and accepts the plea, then the United States will move, at the appropriate time, to dismiss the remaining counts in the instant case, if any, as to this defendant.

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be re-presented to a grand jury with jurisdiction over the matter.  In such event, the defendant hereby waives any objections, motions or defenses based upon the applicable statute of limitations, the Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

**15.   Acceptance of Responsibility**

Provided the defendant clearly demonstrates acceptance of responsibility, the United States agrees to recommend a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1.  The United States agrees to file a motion recommending that the defendant receive an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b) if the defendant is otherwise eligible therefor.  The sentencing judge is in a unique position to evaluate the acceptance of responsibility, and the Court's determination will provide the

final approval or disapproval of any Section 3E1.1 point level reduction for timely acceptance of responsibility.

The obligations of the Government herein, relative to acceptance of responsibility are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the defendant falsely denies, or makes conflicting statements as to, his involvement in the crime to which he is pleading, falsely denies or frivolously contests relevant conduct that the Court determines to be true, willfully obstructs, or attempts to obstruct or impede the administration of justice as defined in U.S.S.G. § 3C1.1, or perpetrates or attempts to perpetrate crimes while awaiting sentencing, or advances false or frivolous issues in mitigation, the United States expressly reserves the right to withdraw any recommendation regarding acceptance of responsibility without breaching the agreement.

**16.** **<u>Sentence</u>**

**a.** **<u>Imprisonment</u>**

The defendant acknowledges that under 18 U.S.C. §§ 2261A(2)(B) and 2261(b)(5), the maximum statutory sentence is 5 years imprisonment, a fine of not more than $250,000.

Revised 02-28-20

AD
Defendant's Initials

**b.**   **Supervised Release**

Additionally, the defendant is aware, if imprisonment is imposed, that the Court shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment not to exceed 3 years.

If the term of supervised release for any count of conviction is revoked, the defendant may be imprisoned for an additional term not to exceed the term of imprisonment authorized in 18 U.S.C. § 3583(e)(3) for the offense of conviction, with no credit being given for any time served while on supervised release.  Further, the Court may impose another term of supervised release following any term of imprisonment imposed for a violation of supervised release conditions, and this term of supervised release may not exceed the term of supervised release originally authorized by statute for the offense of conviction less any term of imprisonment that was imposed upon revocation of supervised release (18 U.S.C. § 3583(e) and (h)).  If a second or subsequent term of supervised release is revoked, the Court may impose another term of imprisonment not to exceed the difference between any imprisonment imposed for a prior revocation of supervised release for the offense of conviction and the term of imprisonment authorized pursuant to 18 U.S.C. § 3583(e)(3).  Accordingly, the original term of imprisonment when combined with any term of imprisonment arising from revocations of supervised release, may result in a total amount of imprisonment greater than the statutory maximum term for the offense of conviction.

Revised 02-28-20

AD
Defendant's Initials

c.    **Guidelines**

The defendant is aware that the Sentencing Guidelines promulgated pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551 through § 3742, and 28 U.S.C. § 991 through § 998, are advisory.  The district courts, while not bound to apply the Sentencing Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C.A. § 3553(a).

The sentence imposed in federal court is without parole.  The defendant is further aware that the sentence has not yet been determined by the Court, that any estimate of the likely sentence received from any source is a prediction, not a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum.  The defendant further understands that all recommendations or requests by the United States pursuant to this agreement are not binding upon the Court.

If the sentencing Court should impose any sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw defendant's guilty plea, but will remain bound to fulfill all of defendant's obligations under this agreement.

Nothing in this plea agreement, save and except any stipulations contained herein, limits the right of the United States to present to the Court or Probation Office, either orally or in writing, any and all facts and arguments relevant to the defendant's sentence that are available to the United States at the time of sentencing.  The defendant acknowledges hereby that relevant conduct, that is, conduct charged in any dismissed count and all other uncharged related criminal activities, will be used in the calculation of the sentence. The

12

Defendant's Initials

United States reserves its full opportunity to speak pursuant to Rule 32(i)(4)(A)(iii) of the Federal Rules of Criminal Procedure.

The defendant further understands that the sentence to be imposed upon the defendant will be determined solely by the sentencing judge, and that the sentencing judge is not bound by the following stipulations. The United States cannot and does not make any promise or representation as to what sentence the defendant will receive.

17.    **Stipulations**

The defendant and the United States agree and stipulate to the following facts:

It is understood that neither the Court nor the United States Probation Office is bound by the foregoing stipulations, either as to questions of fact or as to determination of the correct advisory sentencing guideline calculation.

Having been fully apprised by defense counsel of defendant's right to seek compensation pursuant to Public Law 105-119, the defendant **WAIVES** any and all such right, and stipulates that defendant is not a "prevailing party" in connection with this case.

18.    **Limitations**

This plea agreement shall be binding and enforceable upon the Office of the United States Attorney for the Northern District of Oklahoma, but in no way limits, binds or otherwise affects the rights, powers, duties or obligations of any state or local law enforcement agency, administrative or regulatory authorities, civil or administrative enforcement, collection, bankruptcy, adversary proceedings or suits which have been or may be filed by any governmental entity, including without limitation, the Internal

Revised 02-28-20

13

Ab
Defendant's Initials

Revenue Service, the Tax Division of the Department of Justice and the trustee in bankruptcy.

**19.    <u>Breach of Agreement</u>**

In the event either party believes the other has failed to fulfill any obligations under this agreement, then the complaining party shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations herein.  Whether or not a party has completely fulfilled all of its obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by either party shall be admissible and at which the complaining party shall be required to establish any breach by a preponderance of the evidence.  The defendant hereby **WAIVES** any right under Rule 11(d) and (e) of the Federal Rules of Criminal Procedure to withdraw from defendant's plea and this agreement, save and except under circumstances where the Court rejects the plea agreement under Rule 11(c)(5) and except for the limited reasons outlined above in this paragraph.

In the event that ADAM MAXWELL DONN, after entry of a plea of guilty, unsuccessfully attempts to withdraw the defendant's plea of guilty, the United States may continue to enforce the agreement but will no longer be bound by any particular provision in this agreement.  This provision will not have any continued vitality if it is determined by the Court that the United States acted in bad faith to bring about the attempted withdrawal of plea.

14

AD
Defendant's Initials

## 20.   Conclusion

No agreements, representations or understandings have been made between the parties in this case, other than those which are explicitly set forth in this plea agreement and the Plea Agreement Supplement that the United States will file in this case (as is routinely done in every case, even though there may or may not be any additional terms) and none will be entered into unless executed in writing and signed by all of the parties.

SO AGREED:

R. TRENT SHORES
UNITED STATES ATTORNEY

CHRISTOPHER J. NASSAR
Assistant United States Attorney

10-21-20
Dated

ROBERT L. WYATT
Attorney for Defendant

10-14-20
Dated

ADAM MAXWELL DONN
Defendant

10-14-20
Dated

Clinton James
Attorney for Defendant

15

Defendant's Initials

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____
ADAM MAXWELL DONN
Defendant

10-14-20
_____
Dated

I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Information. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_____
ROBERT L. WYATT
Counsel for the Defendant

10/14/20
_____
Dated

_____
Clinton James
Counsel for Defendant

16

Revised 02-28-20

Defendant's Initials